IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW BROWN, :
:
    Petitioner, : CIVIL ACTION NO. 16-872
:
v. :
:
SUPERINTENDENT MARK GARMAN, :
THE DISTRICT ATTORNEY OF THE :
COUNTY OF DELAWARE, and THE :
ATTORNEY GENERAL OF THE STATE :
OF PENNSYLVANIA, :
:
    Respondents. :

# ORDER

**AND NOW**, this 28th day of November, 2017, after considering the petition for writ of habeas corpus filed by the *pro se* petitioner, Andrew Brown (Doc. No. 1), the respondents' response thereto (Doc. No. 6), the state-court record, United States Magistrate Judge Elizabeth T. Hey's report and recommendation (Doc. No. 16), and the petitioner's timely objections to the report and recommendation (Doc. No. 21);[1] accordingly, it is hereby **ORDERED** as follows:

    1.    The clerk of court is **DIRECTED** to remove this action from civil suspense and **RETURN** it to the court's active docket;

    2.    The petitioner's objections to the report and recommendation (Doc. No. 21) are **OVERRULED**;[2]

    3.    The Honorable Elizabeth Hey's report and recommendation (Doc. No. 16) is **APPROVED** and **ADOPTED**;

    4.    The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

    5.    The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Brown submitted a certificate of service indicating that he served the respondents with the objections on October 11, 2017. *See* Doc. No. 21 at ECF p. 22. Although this certificate of service does not inform the court as to when he provided the objections to prison officials for mailing to the clerk of court, the court has used this date as the filing date pursuant to the prisoner mailbox rule. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing"). The court also notes that the envelope containing the objections has a postmark of October 12, 2017.

[2] The court conducts a de novo review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

Brown raises thirteen objections: three objections to Magistrate Judge Hey's conclusion that four of his claims are procedurally defaulted; seven objections to Judge Hey's rejection of his ineffective assistance of counsel claim; and three objections to Judge Hey's conclusion that he was not constructively denied the assistance of counsel. *See* Pet.'s Written Objs. to the R. & R. of the Magistrate ("Objs."), Doc. No. 21. The court will consider each objection in turn.

For his first objection to Judge Hey's finding of procedural default, Brown argues that because no state court held that his claims were procedurally defaulted, Judge Hey should not have found procedural default. *See* Objs. at 2-3. To support his argument Brown cites *Harris v. Reed*, 489 U.S. 255 (1989). *See* Objs. at 2. In *Harris*, the Supreme Court held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." 489 U.S. at 263 (internal quotation marks omitted). Brown's interpretation of *Harris* is correct, but his application is not.

Judge Hey found four of Brown's claims were procedurally defaulted because Brown failed to exhaust those claims at the state level. *See* R. & R. at 14, Doc. No. 16. 28 U.S.C. § 2254 requires a habeas petitioner seeking relief from a state court conviction to exhaust all available remedies at the state level before he or she can bring a habeas petition in federal court. In his PCRA appeal, Brown did not present four of his claims to the Superior Court of Pennsylvania. Under section 2254, review by the Superior Court is a remedy that Brown has not exhausted for these four claims. Consequently, Brown cannot bring these four claims in federal court until the Superior Court has heard them.

Here, however, Brown can *no longer* present these claims to the Superior Court in a PCRA appeal because the time to do so has expired. *See* R. & R. at 11; *see also Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012) ("Procedural default occurs when a claim has not been fairly presented to the state courts (i.e., is unexhausted) and there are no additional state remedies available to pursue . . . ."). Consequently, Judge Hey was correct in concluding that these four claims are now procedurally defaulted.

For his second procedural default objection, Brown argues that "the R&R ignores the fact that the Superior Court failed to abide by its own rules and procedures." Objs. at 3. Specifically, Brown argues that "Turner/Finley counsel must review the case zealously. . . . [And counsel must also] list the issues petitioner wants to have reviewed." *Id.* (internal citation omitted) (alterations to original). Brown contends that he wanted all eleven of his initial PCRA claims presented to the Superior Court on PCRA appeal. *See id.* at 3-4. Brown contends that counsel's failure to abide by the *Turner/Finley* requirements should excuse his default. *See id.* at 4. In other words, Brown contends that the court should excuse his procedural default because his appellate counsel was ineffective.

Generally, "attorney error during state collateral proceedings does not constitute cause to excuse the procedural default of a claim later raised in habeas." *Norris v. Brooks*, 794 F.3d 401, 404 (3d. Cir. 2015) (citing

2

*Coleman v. Thompson*, 501 U.S. 722 (1991)). There is a narrow exception to this rule. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that ineffective assistance of counsel "in an initial-review collateral proceeding . . . will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel." *Id.* at 18. Even were we to take Brown's factual assertion—that he wanted his trial counsel to raise all eleven claims—as true, that would still be insufficient to trigger the *Martinez* exception. *Martinez* is limited to claims of ineffective assistance of counsel in the initial collateral review proceeding. *See Norris*, 794 F.3d at 404 (denying petitioner's ineffective assistance of counsel claim where the claim was "presented on initial collateral review and [] waived on collateral appeal . . . ." (alterations to original)).

Here, Brown is claiming that appellate counsel failed to raise four of his claims on PCRA appeal. Brown does not dispute that these claims were presented to the PCRA court as part of the initial proceeding. Consequently, the court agrees with Judge Hey that the *Martinez* exception does not apply.

Brown's third procedural default objection fails for a similar reason. He suggests that he has an "enforceable right to effective post-conviction counsel," and that his counsel was ineffective during both the initial PCRA review and the PCRA appeal. Objs. at 4 (internal quotation marks and citation omitted). He suggests that Judge Hey did not adequately consider trial counsel's performance in the initial proceeding. *See* Objs. at 4-5. Brown overlooks the fact that trial counsel's performance in the initial proceeding is relevant to the issue at hand *only* to the extent that trial counsel may have failed to raise the four procedurally defaulted claims.

In other words, Brown can only succeed under *Martinez* if he can show that trial counsel failed to raise these four claims in the initial PCRA review proceeding. But those four claims *were* raised in the initial PCRA review proceeding, and Brown does not contest that fact. Consequently, Brown's third procedural default objection is without merit.

Next, Brown raises seven objections to Judge Hey's denial of his ineffective assistance of counsel ("IAC") claim. Objs. at 5-18. To succeed on an ineffective assistance of counsel claim, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that he or she was prejudiced by counsel's unreasonable performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, a petitioner needs to show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' with 'a reasonable probability' meaning 'a probability sufficient to undermine confidence in the outcome.'" *Mathias v. Frackville SCI*, 869 F.3d 175, 189 (3d Cir. 2017) (quoting *Strickland*, 466 U.S. at 694). Additionally, a petitioner presenting a section 2254 claim for IAC, must not only show that both prongs of *Strickland* are satisfied, he or she must also show that the state court's conclusion that there was no IAC was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or that the state court's conclusion was based on factual findings that were "unreasonable . . . in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2) (alterations to original).

For his first IAC objection, Brown argues that the case should be remanded to Judge Hey for an evidentiary hearing. *See* Objs. at 5. Brown contends that under *Massaro v. United States*, 538 U.S. 500 (2003), he is entitled to an evidentiary hearing. *See* Objs. at 5-6. Brown's reliance on *Massaro* is misplaced. *Massaro* addressed the issue of how to develop a factual record in a section 2255 claim, whereas here, Brown is bringing a section 2254 claim.

Section 2255 claims are collateral appeals of *federal* court convictions. *See* 28 U.S.C. § 2255. Consequently, there is no state court review before a federal court hears the habeas petition. In other words, the federal district court is the first collateral review court. Because of this, a petitioner will not have had a chance to develop a fact record before his or her case is heard in federal court. Section 2255 recognizes this reality and consequently sets forth a generous standard for when federal courts should hold an evidentiary hearing in section 2255 cases. *See* 28 U.S.C. § 2255(b) (2012) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing . . . ." (alterations to original)).

On the other hand, section 2254 claims are collateral appeals of state court convictions. Consequently, in section 2254 cases the petitioner will have already had an adequate opportunity to create a fact record by the time his or her case is heard in federal court. Section 2254 recognizes this reality and sets a strict standard for when courts should grant an evidentiary hearing in Section 2254 cases. *See* 28 U.S.C. § 2254 (2012). Specifically, a district court shall only hold an evidentiary hearing if the petitioner first shows that the claim "relies on a new rule of constitutional law . . . . or a factual predicate that could not have been previously discovered through the exercise of due diligence." *Id.*

Here, Brown is appealing his state court conviction. As a result, he brings these claims under section 2254. Brown has not alleged the existence of a "new rule of constitutional law" or "a factual predicate that could not have

3

been previously discovered through the exercise of due diligence." Consequently, Brown has not met the strict standard set forth in section 2254 and is not entitled to an evidentiary hearing.

For his second IAC objection, Brown contends that Judge Hey was incorrect in rejecting his contention that his trial counsel was ineffective "for failing to move to have Brown's [confession] suppressed." Objs. at 6. Specifically, Brown contends that "he was scared, tired and confused" during the interrogation by Officer Nuttall, and that, as a result of this, his testimony was coerced and involuntary. Objs. at 6-7 (internal quotation marks omitted). On this point, Judge Hey determined, and this court agrees, that under the totality of the circumstances, the state courts' conclusion that Brown's confession was voluntary was a "reasonable determination of the facts and consistent with governing law." R. & R. at 17. Even if this court were to find evidence in the record to fully support Brown's contention that he was "scared, tired, and confused" during the interrogation, this would be insufficient for us to conclude that the state courts' determination was unreasonable.

Brown also argues that Judge Hey does not address "the fact that Brown's alleged confession was not tape recorded and the inconsistent testimony regarding why it was not." Objs. at 8. Judge Hey did not address this issue, and she did not need to. "[T]he fact that Brown's alleged confession was not tape recorded and the inconsistent testimony regarding why it was not," has no bearing on whether Brown's confession was coerced.

Brown's other arguments in this objection have already been adequately addressed by Judge Hey's report and recommendation. The court agrees with Judge Hey's conclusion that the state courts' application of these facts to the IAC standard was not unreasonable.

For his third IAC objection, Brown contends that trial counsel was "ineffective for failing to file a motion to request the disclosure of the statements [provided by confidential informants], and identity of confidential informants." Objs. at 8 (alterations to original). He also contends that he should have been given a hearing on this claim. *See* Objs. at 9. Brown's arguments in favor of a hearing fail for the reasons noted above (*i.e.*, he has not established that he is entitled to a hearing under section 2254). Brown's other arguments in this objection have already been adequately addressed by Judge Hey's report and recommendation.

For his fourth IAC objection, Brown claims that Judge Hey erred by rejecting his claim that trial counsel was ineffective for failing to object to prosecutorial misconduct. *See* Objs. at 11. Brown does not raise any arguments here that have not already been thoroughly addressed by Judge Hey's report and recommendation.

For his fifth IAC objection, Brown argues that Judge Hey erred by rejecting his claim that trial counsel was ineffective for failing to seek to have Detective Nuttall ("Nuttall") sequestered. *See* Objs. at 15. Pennsylvania Rule of Evidence 615 provides that "[a]t a party's request the court must order witnesses excluded so that they cannot learn of other witnesses' testimony." Pa. R. Evid. 615. However, Rule 615, which, as Judge Hey noted, is consistent with Federal Rule of Evidence 615, "does not authorize sequestering . . . an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Pa. R. Evid. 615(b). Brown contends that Nuttall was not designated as the Commonwealth's representative. *See* Objs. at 16. He contends that because Nuttall was not designated as the Commonwealth's representative, the exclusion in Rule 615(b) should not apply. *See* Objs. at 16. Assuming *arguendo*, that Brown is correct, and that Nuttall was never designated as the Commonwealth's representative, Brown's objection still fails. For the reasons outlined in Judge Hey's report and recommendation, Brown has not shown prejudice. *See* R. & R. at 31. Therefore, he does not succeed on the second prong of *Strickland*, and his claim fails.

For his sixth IAC objection, Brown argues Judge Hey erred by rejecting his claim that trial counsel was ineffective for failing to object to unethical prosecutorial misconduct. *See* Objs. at 16. Brown does not raise any arguments in his objections that have not already been appropriately addressed by Judge Hey.

For his seventh IAC objection, Brown argues Judge Hey erred by rejecting his claim that "trial counsel was ineffective for failing to request a jury instruction on a lesser-included offense of voluntary manslaughter." Objs. at 17. Again, Brown does not raise any arguments here that have not already been addressed by Judge Hey.

Finally, Brown raises three objections to Judge Hey's rejection of his constructive denial of counsel claim. *See* Objs. at 18-19. First, Brown says that Judge Hey failed to address whether the colloquy was sufficient to ensure that his waiver of any conflict of interest trial counsel may have had was knowing and voluntary. *See* Objs. at 19. This assertion is inaccurate and, regardless, Judge Hey addressed this in the report and recommendation. *See* R. & R. at 35 ("Although Brown now claims this waiver was not knowingly and voluntarily made, there is no indication that there was an actual conflict of interest."). However, even if Judge Hey had failed to address the adequacy of the colloquy, Brown's objection would still fail, because, as Judge Hey noted, there is nothing in the record to indicate that there was an actual conflict of interest. *See id.*

Brown's second and third denial of counsel objections do not raise any arguments that have not already been addressed by Judge Hey's report and recommendation.